IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 20, 2009

## TYRICE L. SAWYERS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**Nos. 99-B-1371, N377723, 99-B-1441, 99-T-553      Steve Dozier, Judge**

_____

**No. M2008-01871-CCA-R3-PC - Filed January 5, 2010**

_____

The petitioner, Tyrice L. Sawyers, filed in the Davidson County Criminal Court two petitions for post-conviction relief. The post-conviction court dismissed both petitions as untimely, and the petitioner appeals. Upon review, we affirm the judgments of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Tyrice L. Sawyers, Atlanta, Georgia, Pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Pamela Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

The record before us reveals that on March 21, 1996, the petitioner pled guilty in the Davidson County General Sessions Court to theft of property and that he received a sentence of eleven months and twenty-nine days. The record further reveals that on October 8, 2001, the petitioner pled guilty in the Davidson County Criminal Court to misdemeanor theft, simple possession of a controlled substance, and evading arrest. The petitioner received a sentence of eleven months and twenty-nine days for each conviction. The convictions were to be served consecutively to each other but concurrently with a federal sentence.[1]

_____

[1] The record does not reveal the nature of this federal sentence.

On May 20, 2008, the petitioner filed petition for post-conviction relief from the 2001 convictions, alleging that his counsel was ineffective and his guilty pleas were not knowingly and voluntarily entered. Specifically, the petitioner claimed that trial counsel's

> false, faulty, misleading legal advice led petitioner to believe that he could not seek appellate review, or post-conviction relief of any kind, that his plea would remove the stigma of any conviction regarding the instant case from his record, and . . . would not be used by the Feds to enhance his sentence.

On June 19, 2008, the petitioner filed a petition for post-conviction relief from the 1996 conviction. The allegations therein were essentially identical to the allegations he raised in his May 20, 2008 petition. Additionally, the petitioner asserted that he was serving a federal sentence which was enhanced due to the convictions he challenged in the petitions.

On June 30, 2008, the post-conviction court entered an order dismissing both petitions as untimely, noting that the petitioner had "not presented any grounds for relief which fall into an exception from the period of limitations." The petitioner appeals, contending that "his post-conviction petition clearly alleged that he [was] deprived of due process, to wit: effective assistance of counsel" and that, therefore, the statute of limitations should have been tolled.

## II. Analysis

Initially, we note that Tennessee Code Annotated section 40-30-102(a) provides that a petition for post-conviction relief must be filed within one year of the date on which the judgment became final or consideration of the petition will be time-barred. The statute emphasizes that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file [such an] action and is a condition upon its exercise." Tenn. Code Ann. § 40-30-102(a). The statute provides that a petition may be filed outside the limitations period for the following reasons: (1) the petition is based on a "final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required"; (2) the petition is based on new scientific evidence establishing the petitioner's actual innocence of the charge(s); or (3) the petition seeks relief from a sentence that was enhanced because of a previous conviction that was later held to be invalid. Tenn. Code Ann. § 40-30-102(b). Additionally, Tennessee courts "have previously recognized that in certain circumstances, strict application of the statute of limitations would deny a defendant a reasonable opportunity to bring a post-conviction claim and thus, would violate due process." Williams v. State, 44 S.W.3d 464, 468 (Tenn. 2001). Notably, our supreme court has "emphasized that a post-conviction petitioner should not be denied a reasonable opportunity to raise a claim due to another's misconduct." Sample v. State, 82 S.W.3d 267, 277 (Tenn. 2002); see also Williams, 44 S.W.3d at 468. Therefore, the statute of limitations may be tolled if circumstances beyond the petitioner's control precluded him from raising post-

conviction claims in a timely manner. See Williams, 44 S.W.3d at 471; Burford v. State, 845 S.W.2d 204, 208-10 (Tenn. 1992).

As we stated earlier, the petitioner's guilty pleas were entered on March 21, 1996, and on October 8, 2001. Therefore, a post-conviction petition seeking relief on these convictions should have been filed within one year of the date the judgments became final. As the post-conviction court found, the petitions do not assert that the claims fall within any of the exceptions set forth in Tennessee Code Annotated section 40-30-102(b). Accordingly, we agree with the post-conviction court that the petitions were untimely.

The petitioner asserts that due process concerns mandate that the statute of limitations should be tolled. As support for this argument, the petitioner cites Williams v. State, 44 S.W.3d 464 (Tenn. 2001). In Williams, our supreme court concluded that in certain limited circumstances, due process may require the statute of limitations for filing a post-conviction petition be tolled if attorney misrepresentation deprived the petitioner of a reasonable opportunity to seek post-conviction relief. Id. As further support for his argument, the petitioner also cites Seals v. State, 23 S.W.3d 272 (Tenn. 2000) and Craig Robert Nunn v. State, No. M2005-01404-CCA-R3-PC, 2006 WL 680900, at *2 (Tenn. Crim. App. at Nashville, Mar. 17, 2006).

We note that the petitioner has previously raised similar issues regarding other convictions. Recently, the petitioner challenged his 1994 convictions for forgery, retaliation for a past action and statutory rape, alleging that his counsel was ineffective, that his guilty pleas were not knowing and voluntary, and that due process mandated the statute of limitations be tolled. Tyrice L. Sawyers v. State, No. M2007-02707-CCA-R3-PC, 2008 WL 4949268 (Tenn. Crim. App. at Nashville, Nov. 20, 2008), perm. to appeal denied, (Tenn. 2009). In our decision, this court explained that

> we fail to see that Williams or Craig Robert Nunn mandates a remand for a hearing in the [petitioner's] case. When the issue presented is whether a petitioner was hampered from filing a timely post-conviction petition because of the misrepresentation of his trial counsel, Williams usefully tells us that due process requires only that the petitioner be afforded "a reasonable opportunity after the expiration of the limitations period to present his claim in a meaningful time and manner." See Williams, 44 S.W.3d at 471. In Craig Robert Nunn, the petitioner averred in his petition that he had only recently learned that his trial counsel may have misspoken when he told Nunn that he was waiving his right to seek post-conviction relief and that, once he learned of the inaccuracy, he "quickly" filed his petition. The Craig Robert Nunn court felt that the petition's allegations warranted a hearing on the issue of whether the bar of the statute of limitations would deprive him of a reasonable opportunity to present his substantive claims in a meaningful time and manner.

In the [petitioner's] case, however, [he] really does not account for the lapse of [several] years between his guilty pleas and his post-conviction petition filing. He failed to allege how the lapse of that time denied him a "reasonable" opportunity to perceive the availability of a post-conviction proceeding. The petition articulated neither when and under what circumstances the petitioner learned that he could seek post-conviction relief nor how much time expired between the petitioner's learning of a cause of action and his filing of his petition. The petition does allege that the petitioner spent time in federal custody where he had no access to Tennessee legal materials, but it explained neither the period of time when this condition prevailed nor how it impacted him in failing to discern his post-conviction cause of action. Under these circumstances, we cannot say that due process principles require further judicial evaluation.

Sawyers, No. M2007-02707-CCA-R3-PC, 2008 WL 4949268, at *3. Accordingly, this court upheld the post-conviction court's dismissal of the petitioner's untimely post-conviction petition. Id.

The petitioner also filed a post-conviction petition for relief from his 1992 convictions for facilitation of aggravated burglary, alleging that his trial counsel was ineffective and his guilty pleas were not knowing and voluntary. Tyrice L. Sawyers v. State, No. M2007-02867-CCA-R3-PC, 2008 WL 5424031 (Tenn. Crim. App. at Nashville, Dec. 31, 2008), perm. to appeal denied, (Tenn. 2009). The petitioner contended that counsel told him that by pleading guilty, he forfeited his right to direct appeal and to post-conviction relief; therefore, the petitioner contended that the statute of limitations should be tolled on due process grounds. Id. at *2. This court cautioned that "a hearing on due process concerns is not required every time a petitioner alleges that the untimeliness of his petition is due to his trial or appellate counsel's negligence" because to do so "'is clearly inconsistent with the plain language of the post-conviction statute requiring a trial judge to summarily dismiss an untimely petition without . . . a hearing.'" Sawyers, No. M2007-02867-CCA-R3-PC, 2008 WL 5424031, at *3 (quoting Nunn, No. M2005-01404-CCA-R3-PC, 2006 WL 680900, at *5). Therefore, this court affirmed the post-conviction court's dismissal of the petitioner's untimely post-conviction petition.

We find the petitioner's argument to be equally unavailing in the instant case. Again, the petitioner provides no explanation for the delay between the entry of his guilty pleas and the filing of his post-conviction petition. See Sawyers, No. M2007-02707-CCA-R3-PC, 2008 WL 4949268, at *3. The record is completely devoid of facts which would require the statute of limitations to be tolled for due process concerns.

### III.  Conclusion

Based upon the foregoing, we affirm the post-conviction court's dismissal of the petition for post-conviction relief.

_____
NORMA McGEE OGLE, JUDGE